IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREN NEWMAN,<br>*Plaintiff* | : <br> : <br> : | CIVIL ACTION NO.<br><br>**JURY TRIAL REQUESTED** |
| vs. | : <br> : | |
| HARC, INC.,<br>*Defendant* | : <br> : <br> : | AUGUST 27, 2020 |

## COMPLAINT

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over this Action under 28 U.S.C. §§ 1331 and 1341 42 U.S.C. §2000e-5, insofar as the matters in controversy are brought pursuant to 29 U.S.C. § 2612 *et seq.*, the Family and Medical Leave Act ("FMLA"), as well as the recently-passed legislation amending certain provisions of the FMLA, known as the Families First Coronavirus Response Act ("FFCRA").

2. Venue in the District of Connecticut is proper because at all times relevant, Plaintiff resided in Connecticut, Plaintiff worked in Connecticut, and Defendant is incorporated and has its principal place of business in Connecticut.

**PARTIES**

3. At all times set forth herein, the Plaintiff, Karen Newman, was a resident of Windsor, Connecticut.

4. At all times set forth herein, the Defendant, HARC, Inc., was Connecticut corporation with a headquarters and primary place of business located at 900 Asylum Avenue in Hartford, Connecticut.

**FACTUAL ALLEGATIONS**

5. Plaintiff commenced her employment with the Defendant in the position of Administrative Assistant in 2017.

6. This was a full time position and Plaintiff worked at least 1,250 hours per year in each year she was employed by the Defendant preceding the events set forth hereunder.

7. In or around late February of 2020, the northeastern United States, including the State of Connecticut, began to suffer the effects of the COVID-19 global health pandemic.

8. On March 10, 2020, Ned Lamont, Governor of the State of Connecticut, declared a public health emergency throughout the State in response to the global pandemic of COVID-19, which had at that juncture "resulted in the spread of infections in Connecticut and surrounding states[.]"

9. On March 18, 2020, in response to the spread of COVID-19 throughout the United States, Congress passed, and President Donald Trump signed into law, the FFCRA, which, *inter alia*, provided for emergency paid leave in the event a qualified "employee has been advised by a health care provider to self-quarantine due to concerns related to COVID–19."

10. Plaintiff is fifty-seven (57) years old and suffers from high blood pressure and asthma.

11. Based upon her age and health conditions, Plaintiff's primary care physician determined that she was at high-risk of complications from COVID-19, and as result, advised that Plaintiff should not go into work if possible and instead work from home (if available).

12. Plaintiff's primary care physician provided her with a note memorializing these COVID-19-related restrictions on June 1, 2020, and Plaintiff in turn submitted the note to the Defendant and requested to be able to work from home, and in the event that was unavailable, requested leave under the FFCRA.

13. Defendant's denied both of these requests and instructed Plaintiff that she would need to come into the office to work.

14. Plaintiff's husband suffers from several ongoing, chronic health conditions, namely an irregular heartbeat, depression, and anxiety.

15. Plaintiff's husband treats with a cardiologist and other medical providers for the aforesaid conditions.

16. Plaintiff's husband's heart condition is complicated by his psychiatric issues, which have caused him to be non-compliant with his medications and medical treatment.

17. In or around the spring of 2020, Plaintiff's husband was referred for testing and was required to attend numerous medical appointments in connection with the foregoing medical issues.

18. Plaintiff wished to attend these medical appointments with her husband in order to understand her medical and medication needs and attempt to ensure his compliance therewith.

19. Accordingly, Plaintiff's husband's primary care doctor completed an application for leave under the FMLA on Plaintiff's behalf, indicating that she required up to seven (7) days off in order to attend medical appointments with her husband.

20. Plaintiff provided her completed FMLA paperwork to the Defendant on or about July 15, 2020.

21. Apparently perceiving this FMLA request to be an effort by Plaintiff to circumvent Defendant's denial of her prior COVID-19-related leave request, Defendant's human resources officer, Anette, accused the Plaintiff of submitting a fraudulent FMLA request.

22. Anette called Plaintiff's husband's primary care doctor to verify Plaintiff's supposedly fraudulent FMLA request.

23. In response, Plaintiff's husband's primary care doctor confirmed that he had completed the FMLA request on the Plaintiff's behalf and that the leave was necessary in order for her to attend medical appointments and testing with her husband.

24. Despite being notified that Plaintiff's leave request was legitimate, on July 22, 2020, Defendant denied Plaintiff's FMLA request.

25. Based upon Defendant's unlawful denial of her leave requests under the FFCRA and the FMLA, Plaintiff was forced to resign her employment on July 22, 2020.

**FIRST COUNT:**      **FFCRA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2615**

26. All preceding paragraphs are incorporated into this First Count as if fully set out herein.

27. Defendant is a company with fewer than 500 employees and was at all times relevant subject to the FMLA and the FFCRA.

28. Plaintiff was eligible for family leave and paid leave under the FFCRA.

29. Defendant unlawfully interfered with Plaintiff's rights under the FFCRA by denying her the leave to which she was entitled under the FFCRA.

30. Defendant's unlawful conduct was not in good faith and Defendant did not have reasonable grounds for believing its actions were in conformance with the FFCRA.

31. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has been deprived of benefits to which he was entitled under the FFCRA, has suffered damages, and has incurred or will incur attorneys' fees and costs in securing her rights through this Action.

**SECOUND COUNT:**      **FFCRA RETALIATION IN VIOLATION OF 29 U.S.C. § 2615**

32. All preceding paragraphs are incorporated into this Second Count as if fully set out herein.

33. Plaintiff engaged in protected activity when she exercised or attempted to exercise her rights to leave under the FFCRA by, *inter alia*, informing Defendant she "has been advised by a health care provider to self-quarantine due to concerns related to COVID–19.

34. Defendant unlawfully retaliated against Plaintiff exercise or attempted exercise of rights under the FFCRA by denying her request for leave under the FFRCRA and her subsequent request for FMLA, thereby placing her in the position where she was required to either resign or forego the rights to which she was otherwise entitled.

35. Defendant's unlawful conduct was not in good faith and Defendant did not have reasonable grounds for believing its actions were in conformance with the FFCRA.

36. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has been deprived of benefits to which he was entitled under the FFCRA, has suffered damages, and has incurred or will incur attorneys' fees and costs in securing her rights through this Action.

**THIRD COUNT:**    **FMLA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2612,** *et seq.*

37. All preceding paragraphs are incorporated into this Third Count as if fully set out herein.

38. The Plaintiff applied for FMLA leave as set forth above.

39. Defendant interfered with Plaintiff's right to take leave under the FMLA in that it failed to grant Plaintiff leave to "care for [her] spouse" despite receiving notice from a health care provider indicating that she was "needed to care for [her] spouse … and an estimate of the amount of time that [she was] needed to care for [her] spouse…"

40. Defendant's unlawful conduct was not in good faith and Defendant did not have reasonable grounds for believing its actions were in conformance with the FMLA.

41. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has been deprived of benefits to which he was entitled under the FMLA, has suffered damages, and has incurred or will incur attorneys' fees and costs in securing her rights through this Action.

**WHEREFORE**, Plaintiff herby requests a trial by jury and prays for the following relief:

1. Money Damages for lost wages and employment benefits;

2. Reinstatement or Front Pay in lieu thereof;

3. Reasonable attorneys' fees;

4. Interest;

5. Liquidated Damages;

6. Costs of this Action; and

7. All other awardable relief.

<div style="margin-left:50%">
THE PLAINTIFF,
KAREN NEWMAN

BY: _____
Michael J. Reilly (ct28651)
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone:  860-296-3457
Fax:  860-296-0676
Email:  mreilly@cicchielloesq.com
</div>